JOE SHIELDS IN PRO PER
16822 Stardale Lane
Friendswood, Texas 77546
Phone: 281-482-7603
Email: antitelemarketer@gmail.com

United States County
Southern District of Texas
FILED

DEC - 2 2019

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE SHIELDS | ) | CIVIL ACTION No. _____ |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | COMPLAINT FOR CIVIL DAMAGES |
| ELEVATED ENERGY SOLUTIONS LLC | ) | AND PERMANENT INJUNCTIVE |
| D/B/A HOME SMART SOLUTIONS, | ) | RELIEF |
| MICHAEL B. CURTIS INDIVIDUALLY, | ) | |
| TRISMART SOLAR LLC, MARK AARON | ) | |
| BENCH INDIVIDUALLY, JODI BENCH | ) | |
| INDIVIDUALLY AND APEX LEAD MEDIA | ) | |
| PVT LTD | ) | |
| | ) | |
| Defendants | ) | JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiffs Joe Shields brings this action under the Telephone Consumer Protection Act (hereinafter TCPA), 47 U.S.C. §227, (1991), the Code of Federal Regulations (hereinafter CFR) implementing the TCPA, 47 CFR §64.1200 and Texas Business and Commerce Code (hereinafter "TB&CC") §305.053 to obtain statutory civil damages, treble damages, permanent injunctive relief and all other equitable relief the Plaintiff is entitled to.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 47 U.S.C. §227(b)(3) and 28 USC §1357. Federal

Courts have federal question jurisdiction, 28 USC §1331, because this case is about a cause of action created by a federal statute namely 47 U.S.C. §227(b)(3). Federal Courts have federal jurisdiction, 28 USC §1357, because this case is about an injury to a person under an Act of Congress namely 47 U.S.C. §227.

2. Venue is proper in this District under 28 USC §1391(b)(2) because all or a substantial part of the events or omissions giving rise to the stated claim(s) occurred in Harris County, Texas.

<u>ARTICLE III STANDING</u>

3. Plaintiff has suffered concrete injuries through the initiation of multiple unsolicited and unauthorized automatically dialed and telemarketing calls to Plaintiff's cellular telephone number and unauthorized telemarketing calls to his cellular telephone number and VOIP landline. The automatically dialed calls to Plaintiff's cellular telephone number and telemarketing calls to his cellular telephone number and VOIP landline physically invaded Plaintiff's privacy, caused Plaintiff a loss of his time, usurped his right to peacefully enjoy his private property, commandeered Plaintiff's wireless and VOIP service and by doing so caused Plaintiff lost value of the cellular and VOIP services he pays for including wear and tear to Plaintiff's cellular and VOIP phone data, memory, software, hardware and a drain on battery components amongst other harms.

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

4.   Plaintiff has suffered concrete injuries[1] through the initiation of multiple unsolicited and unauthorized telemarketing calls to his telephone numbers that are listed on the National do not call list. Plaintiff has suffered physical injury from the telemarketing calls that physically invaded his privacy, usurped his right to peacefully enjoy his private property and commandeered Plaintiff's wireless and VOIP service Plaintiff pays for. Plaintiff's concrete injuries are redressable by rulings of this Court to grant damages and injunctive relief.

<u>PLANTIFF</u>

5.   Plaintiff is an individual residing in Harris County, Texas. Plaintiff is a cellular telephone subscriber in area code 281, which is in this courts district. Plaintiff is a VOIP subscriber in area code 281, which is in this courts district. Prior to the events complained about, Plaintiff has never provided prior express consent for the Defendants to make automatically dialed calls to his cellular telephone number 281-70X-XXXX. Prior to the events complained about, Plaintiff has never provided prior express written consent for the Defendants to make telemarketing calls to his cellular telephone number 281-70X-XXXX or Plaintiff's VOIP telephone number 281-48X-XXXX.

<u>DEFENDANTS</u>

---

[1] Plaintiff measured his blood pressure after the 05/23/19 call and it was 194/94 which is categorized as Hypertensive Stage 3 and is considered severe and dangerous high blood pressure.

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

6.    The Defendant Elevated Energy Solutions LLC d/b/a Home Smart Solutions (hereinafter "Elevated") is a Texas company registered with the Texas Secretary of State to do business in the State of Texas. Defendant Elevated may be served by serving their Texas registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company 211 East 7th Street, Suite 620, Austin, Texas, 78701-3218 via certified mail return receipt requested.

7.    The Defendant Michael B. Curtis (hereinafter "Curtis") is an individual who is a managing member of the Defendant company Elevated. On information and belief Curtis has ultimate control over the day to day operations of the Defendant Elevated and the purchase of leads which lead directly to the automatically dialed and/or telemarketing calls to the Plaintiff. The Defendant Curtis may be served by serving him at his personal residence at 20232 East Stonecrest Drive, Queen Creek, Arizona 85142.

8.    The Defendant Trismart Solar LLC (hereinafter "Trismart") is a Texas company registered with the Texas Secretary of State to do business in the State of Texas. Defendant Trismart may be served by serving their Texas registered agent Mark Aaron Bench at their business location at 256 North Sam Houston Pkwy East, Suite 125, Houston, Texas 77060 via certified mail return receipt requested.

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

9.     The Defendant Mark Aaron Bench is a managing member and founder of the Defendant Trismart. On information and belief Defendant Bench together with the Defendant Jodi Bench have ultimate control over the day to day operations of Defendant Trismart and the purchase of leads which lead directly to the automatically dialed and/or telemarketing calls to the Plaintiff. Defendant Mark Bench may be served at his personal residential address 2838 Legends Crest Drive, Spring, Texas 77386.

10.    The Defendant Jodi Bench is a managing member of the Defendant Trismart. On information and belief Defendant Bench together with the Defendant Mark Bench have ultimate control over the day to day operations of Defendant Trismart and the purchase of leads which lead directly to the automatically dialed and/or telemarketing calls to the Plaintiff. Defendant Jodi Bench may be served at her personal residential address 2838 Legends Crest Drive, Spring, Texas 77386.

11.    The Defendant Apex Lead Media PVT LTD (hereinafter "Apex") is the lead generator that made the repeated unwanted and unauthorized automatically dialed and/or telemarketing calls to Plaintiff's telephone numbers on behalf of the Defendants Elevated, Michael Curtis, Trismart, Mark Bench and Jodi Bench. Defendant Apex sole physical presence in the US is a postal mail box at 7190 West Sunset Blvd., #72A, Los Angeles, CA 90046. In typical fashion the Defendant Apex is not registered to do business and has no service

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

of process address in any of the fifty states. Therefore, service of process may be had on the Defendant Apex by serving the Texas Secretary of State. See TB&CC §302.108.

<u>DEFENDANT'S BUSINESS PRACTICES</u>

12.   The Defendants are in the business of selling solar power systems. The Defendants claim they can qualify people for a government program through a free energy assessment and therefore are not making telemarketing calls. That flimsy excuse shatters like a pane of glass hit with a hammer when listening to the recording of the telemarketing call made to the Plaintiff on May 23rd, 2019. The caller in that recorded telemarketing call states to the Plaintiff: "I'm just a marketing ah agent." The caller twice said he was a "marketer" during his sales pitch.

13.   The deception of this telemarketer becomes readily apparent in the very same sentence when he falsely claims Plaintiff could save money on: "a federal program it's called the Texas renewable energy act." There is no state or federal program called the Texas renewable energy act. The Defendants deceptively want to give those that they telemarket to the impression that the have government backing which they do not have.

14.   Defendants Curtis and Mark and Jodi Bench acting under their authority as managing members of Defendants Elevated and Trismart hired a telemarketing lead generator to generate business leads via a telemarketing campaign. Defendant Curtis and Mark and

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

Jodi Bench have full control over the Defendant companies Elevated and Trismart marketing activities. Further, whether or not exercised, Defendants Curtis and Mark and Jodi Bench had control over the telemarketing calls being made on their behalf i.e. they controlled at what time the calls were made that being U.S. time and they controlled how the lead was transferred to them via hot transfer or email.

15.   Defendant Curtis and Mark and Jodi Bench intentionally failed to exercise their control over the lead generation calls that were being made on their behalf by failing to verify that the calls were in compliance with the TCPA which they were not. An employee of Defendant Apex admitted working on behalf of the Defendant Elevated when the employee set up the appointment with his "energy consultant" who was an employee of the Defendant Elevated.

16.   The telemarketing campaign is conducted in such a manner in which no identification of the entity making the telemarketing calls or the entity on whose behalf the calls are made are identified as required by the TCPA. The telemarketing campaign uses generic names such as "Solar USA", "National Energy" or "Smart Home Solar" to hide the identity of the telemarketer and seller. Only by feigning interest and setting up a meeting with an "energy consultant" of Defendant Elevated at Plaintiff's home or getting "hot" transferred to Trismart was the Plaintiff able to identify

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

the Defendants that the telemarketing calls were being made on behalf of.

17. During the meeting at Plaintiff's home on May 24th, 2019 the Defendant Elevated "energy consultant" stated to the Plaintiff that his name was Mike and that he worked for Home Smart Solutions. The meeting was captured by Plaintiff's security cameras. The energy consultant of Defendant Elevated also provided the telephone number of a Tiffany in the marketing department of the Defendant Elevated. Plaintiff called the number given to the Plaintiff, 817-771-1342[2] and spoke with this Tiffany about the illegal telemarketing calls. The call to Tiffany was recorded by the Plaintiff.

18. This Tiffany was not only extremely evasive but very rude and intentionally refused to provide any information about the telemarketing calls made on behalf of the Defendants. This Tiffany stated that only the owners of the company knew who the telemarketer was. Then she stated she was the "boss" of the company. Then this Tiffany claimed that she could put my numbers on a do not call list. Plaintiff again asked for the name of the entity the lead was purchased from and Tiffany stated "I can't give you that information."

---

[2] The telephone number 817-771-1342 was found on a web page at nationalenergysolar.com/contact which has since been taken down. Plaintiff has archived the web site.

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

19.   There   is   no   law   that   would   prohibit   any   of   the Defendants from providing the name of the telemarketer that is acting on their behalf. In fact it is a TCPA requirement to provide such information during each of the calls. Tiffany than claimed she had a business to run and hung up on the Plaintiff. Plaintiff could not make a do not call request with the telemarketer acting on the Defendant Elevated behalf because the employee of the Defendant Elevated would not provide the Plaintiff with the name and contact information of the lead generator that was acting on their behalf.

20.   Before Tiffany terminated the call Plaintiff managed to ask Tiffany for a copy of Defendant's written policy on maintaining a do not call list. The Plaintiff was never provided with a copy of Defendant's do not call policy.

21.   During the 6th unwanted and unauthorized automatically dialed and telemarketing call Plaintiff was "hot" transferred to a David an employee of the Defendant Trismart in the "verification department" of the Defendant Trismart. The Defendant Trismart employee stated he had purchased the lead from the Defendant Apex located in Islamabad, Pakistan with a California telephone number. Both this Tiffany from Elevated and the Trismart employee claimed to be able to put Plaintiff's telephone numbers on a do not call list. That was not true as the calls from the Pakistani call center continued. Plaintiff continued to receive four more of the solar

program telemarketing calls from Defendant Apex within the next two months. Simply put, the Defendant's do not call list didn't work.

22.   The call center in Pakistan thumbs their nose at our National and State do not call lists and continues to harass the Plaintiff with numerous unwanted and unauthorized automatically dialed and telemarketing calls and continues to sell leads to American companies such as the defendants Elevated and Trismart. Even if the Defendants are willfully blind to the call centers TCPA and TB&CC violations, under the strict vicarious liability of the TCPA the Defendant lead buyers are just as liable for violations of the TCPA and TB&CC as the lead generator is. In addition, under agency and ratification[3] principles all of the lead buying Defendants are equally and severally liable for the violations of the TCPA and TB&CC. See 47 C.F.R. §64.1200(f)(9) Further, emailing or "hot" transferring leads is evidence of authorizing the lead generator access to the sellers communications equipment which further establishes the sellers liability.

<u>AUTODIALER</u>

23.   All of the telemarketing calls were made by an autodialer. For example the 1st call made to the Plaintiff's cellular telephone number was an abandoned call which occurs when an autodialer uses predictive dialing to predict when a call center

---

[3] See *Charvat v. Echostar* and *United States v. Dish Network* matters (FCC-13-54A1 (Dec. Ruling))

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

agent will be available. A predictive autodialer dials more telephone numbers then call center agents and abandons calls that exceeds the number of call center agents that are available to take the calls. That is how Plaintiff was subjected to the abandoned call – by an entirely automated dialing process.

24. All of the calls had a clearly discernable pause and blip after Plaintiff's "hello" indicating the moment the autodialer transferred the call to a call center agent. Thus, it is clear to any layman that an automatic dialer was used to make or initiate the unwanted and unauthorized automatically dialed and telemarketing calls to the Plaintiffs cellular and VOIP telephone numbers.

<u>THE TCPA</u>

25. The TCPA prohibits the making of any telephone call using an automatic dialing device to cellular telephone numbers without prior express consent of the called party or an emergency purpose. See 47 U.S.C. §227(b)(1)(A)(iii) and 47 CFR §64.1200(a)(1)(iii). Automatically dialed calls to cellular telephone numbers made without prior express consent of the called party are a physical invasion of the called party's privacy and space, a quantifiable and actionable injury under the TCPA.

26. The prohibition on automatically dialed calls without the called party's prior express consent applies to all automatically dialed calls regardless of content or purpose. This

includes political calls, survey calls, calls from non-profits and the free alarm, the free satellite and the free solar energy calls.

27.   In addition, the TCPA prohibits initiating telemarketing calls to telephone numbers on the National do not call list. See 47 U.S.C. §227(c)(3)(F) and 47 C.F.R. §64.1200(c)(2). The TCPA requires prior express written consent to make telemarketing calls to telephone numbers on the National do not call list. The TCPA also requires procedures that will prevent telemarketing calls to numbers on the National do not call list. Those procedures cannot be mere words on a piece of paper — they must actually prevent telemarketing calls to numbers on the National do not call list. And the policy governing that procedure must be provided to anyone that asks for it.

28.   The TCPA requires that the identity and contact information of the telemarketer and seller be provided during the call. See 47 C.F.R. §64.1200(d)(4).

29.   The TCPA requires that all telemarketers and sellers maintain a do not call list and a policy for implementing such a do not call list. See 47 C.F.R. §64.1200(d)(1). The telemarketer acting on behalf of the Defendants Elevated, Michael Curtis, Trismart, Mark Bench and Jodi Bench did not honor the National do not call list or any of Plaintiff's do not call demands. See 47 C.F.R. §64.1200(d)(3). The Defendants Elevated, Michael Curtis, Trismart, Mark Bench and Jodi Bench internal do not call list, if

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

it actually exists, did not stop or prevent the telemarketing calls to Plaintiff's cellular and VOIP telephone numbers. The unwanted and unauthorized calls continued for up to three months after Plaintiff's written do not call demand that was mailed with verifiable proof of delivery to the Defendants Elevated and Michael Curtis on May 25th, 2019 and to the Defendants Trismart, Mark Bench and Jodi Bench on June 26th, 2019.

30. The TCPA and the implementing rules defines an automatic telephone dialing system as one that 1. Stores telephone numbers to be called and to dial such numbers **or** 2. Produce telephone numbers to be called using a random or sequential number generator and to dial such numbers. Common sense dictates that one cannot store numbers to be called using a random or sequential number generator. One can only produce telephone numbers to be called using a random or sequential number generator. Significantly, there is an "or" not an "and" between the two definitions so the definitions are mutually exclusive. Additionally, the fact that there is a noticeable "blip" before the live caller comes on line further establishes that an autodialer was used to make or initiate the unwanted and unauthorized calls to Plaintiff's cellular and VOIP telephone numbers.

<u>TEXAS BUSINESS AND COMMERCE CODE</u>

31. TB&CC §305.053 provides for a separate private right of action for the receipt of a communication which violates **any** of the

rules of the TCPA or **any** provision under the CFR implementing the TCPA. Automatically dialed calls made to cellular telephone numbers without prior express consent of the called party or an emergency purpose are an invasion of the called party's privacy a quantifiable and actionable injury under TB&CC §305.053. Telemarketing calls to telephone numbers on the National do not call list without prior express written consent are an invasion of the called party's privacy a quantifiable and actionable injury under TB&CC §305.053.

32.   The Texas Statute prohibition on automatically dialed calls without consent of the called party or an emergency purpose applies to all calls regardless of content or how the call is received. The Texas Statute prohibition on telemarketing calls to a number on the National do not call list without prior express written consent applies to even one telemarketing call that violates the TCPA unlike the TCPA which requires 2 calls in a twelve month period. Therefore the TB&CC is more restrictive then the TCPA.

<u>VIOLATIONS OF THE TCPA</u>

33.   Plaintiff realleges and incorporates the allegations above as though fully set forth herein.

Count I

34.   On November 26th, 2018 at 10:38 a.m. the Defendants initiated an unsolicited and unauthorized automatically dialed call

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

to Plaintiff's cellular telephone number 281-704-XXXX. The automatic dialing device detected that no call center employee was available when the automatic dialer connected to the plaintiff's cellular telephone number which then terminated the call. Consequently, the call was an automatically dialed "abandoned" call.

35.   The Defendants did not have prior express consent from Plaintiff to initiate an unsolicited and unauthorized automatically dialed call to Plaintiff's cellular telephone number 281-704-XXXX. Thus, the making of such automatically dialed call is a violation of 47 U.S.C. §227(b)(1)(A)(iii) and 47 CFR §64.1200(a)(1)(iii).

Count II

36.   On November 26th, 2018 at 10:38 a.m. the Defendants initiated an unsolicited and unauthorized telemarketing call to Plaintiff's telephone number 281-704-XXXX which was, at the time the call was initiated on the National do not call list. The telemarketing call was initiated for the purpose of soliciting the Plaintiff for Defendant's solar energy program.

37.   The Defendants did not have prior express written consent from Plaintiff to initiate an unwanted and unauthorized telemarketing call to Plaintiff's 281-704-XXXX telephone number. Thus, the making of such telemarketing call is a violation of 47 U.S.C. §227(c)(3)(F) and 47 C.F.R. §64.1200(c)(2).

Count III

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

38.     On   March   19th,   2019   at   03:45   p.m.   the   Defendants
initiated   an   unsolicited   and   unauthorized   telemarketing   call   to
Plaintiff's   telephone   number   281-482-XXXX   which   was,   at   the   time
the   call   was   initiated   on   the   National   do   not   call   list.   The
telemarketing   call   was   initiated   for   the   purpose   of   soliciting   the
Plaintiff   for   Defendant's   solar   energy   program.

39.     The   Defendants   did   not   have   prior   express   written
consent   from   Plaintiff   to   initiate   an   unwanted   and   unauthorized
telemarketing   call   to   Plaintiff's   281-482-XXXX   telephone   number.
Thus,   the   making   of   such   telemarketing   call   is   a   violation   of   47
U.S.C.   §227(c)(3)(F)   and   47   C.F.R.   §64.1200(c)(2).

COUNT IV

40.     On   April   10th,   2019   at   01:11   p.m.   the   Defendants
initiated   an   unsolicited   and   unauthorized   automatically   dialed   call
to   Plaintiff's   cellular   telephone   number   281-704-XXXX.

41.     The   Defendants   did   not   have   prior   express   consent   from
Plaintiff   to   initiate   an   unsolicited   and   unauthorized   automatically
dialed   call   to   Plaintiff's   cellular   telephone   number   281-704-XXXX.
Thus,   the   making   of   such   automatically   dialed   call   is   a   violation
of   47   U.S.C.   §227(b)(1)(A)(iii)   and   47   CFR   §64.1200(a)(1)(iii).

Count V

42.     On   April   10th,   2019   at   01:11   p.m.   the   Defendants
initiated   an   unsolicited   and   unauthorized   telemarketing   call   to
Plaintiff's   telephone   number   281-704-XXXX   which   was   at   the   time   the

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

call was initiated on the National do not call list. The
telemarketing call was initiated for the purpose of soliciting the
Plaintiff for Defendant's solar energy program.

43.   The Defendants did not have prior express written
consent from Plaintiff to initiate an unwanted and unauthorized
telemarketing call to Plaintiff's 281-704-XXXX telephone number.
Thus, the making of such telemarketing call is a violation of 47
U.S.C. §227(c)(3)(F) and 47 C.F.R. §64.1200(c)(2).

## Count VI

44.   On April 26th, 2019 at 03:42 p.m. the Defendants
initiated an unsolicited and unauthorized automatically dialed call
to Plaintiff's cellular telephone number 281-704-XXXX.

45.   The Defendants did not have prior express consent from
Plaintiff to initiate an unsolicited and unauthorized automatically
dialed call to Plaintiff's cellular telephone number 281-704-XXXX.
Thus, the making of such automatically dialed call is a violation
of 47 U.S.C. §227(b)(1)(A)(iii) and 47 CFR §64.1200(a)(1)(iii).

## Count VII

46.   On April 26th, 2019 at 01:11 p.m. initiated an
unsolicited and unauthorized telemarketing call to Plaintiff's
telephone number 281-704-XXXX which was at the time the call was
initiated on the National do not call list. The telemarketing call
was initiated for the purpose of soliciting the Plaintiff for
Defendant's solar energy program.

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

47. The Defendants did not have prior express written consent from Plaintiff to initiate an unwanted and unauthorized telemarketing call to Plaintiff's 281-704-XXXX telephone number. Thus, the making of such telemarketing call is a violation of 47 U.S.C. §227(c)(3)(F) and 47 C.F.R. §64.1200(c)(2).

Count VIII

48. On May 23rd, 2019 at 11:14 a.m. the Defendants initiated an unsolicited and unauthorized telemarketing call to Plaintiff's telephone number 281-482-XXXX which was at the time the call was initiated on the National do not call list. The telemarketing call was initiated for the purpose of soliciting the Plaintiff for Defendant's solar energy program.

49. The Defendants did not have prior express written consent from Plaintiff to initiate an unwanted and unauthorized telemarketing call to Plaintiff's 281-482-XXXX telephone number. Thus, the making of such telemarketing call is a violation of 47 U.S.C. §227(c)(3)(F) and 47 C.F.R. §64.1200(c)(2).

Count IX

50. On June 24th, 2019 at 03:54 p.m. the Defendants initiated an unsolicited and unauthorized automatically dialed call to Plaintiff's cellular telephone number 281-704-XXXX.

51. The Defendants did not have prior express consent from Plaintiff to initiate an unsolicited and unauthorized automatically dialed call to Plaintiff's cellular telephone number 281-704-XXXX.

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

Thus, the making of such automatically dialed call is a violation of 47 U.S.C. §227(b)(1)(A)(iii) and 47 CFR §64.1200(a)(1)(iii).

### Count X

52. On June 24th, 2019 at 03:54 p.m. the Defendants initiated an unsolicited and unauthorized telemarketing call to Plaintiff's telephone number 281-704-XXXX which was at the time the call was initiated on the National do not call list. The telemarketing call was initiated for the purpose of soliciting the Plaintiff for Defendant's solar energy program.

53. The Defendants did not have prior express written consent from Plaintiff to initiate an unwanted and unauthorized telemarketing call to Plaintiff's 281-704-XXXX telephone number. Thus, the making of such telemarketing call is a violation of 47 U.S.C. §227(c)(3)(F) and 47 C.F.R. §64.1200(c)(2).

### Count XI

54. On July 1st, 2019 at 02:33 p.m. the Defendants initiated an unsolicited and unauthorized automatically dialed call to Plaintiff's cellular telephone number 281-704-XXXX.

55. The Defendants did not have prior express consent from Plaintiff to initiate an unsolicited and unauthorized automatically dialed call to Plaintiff's cellular telephone number 281-704-XXXX. Thus, the making of such automatically dialed call is a violation of 47 U.S.C. §227(b)(1)(A)(iii) and 47 CFR §64.1200(a)(1)(iii).

### Count XII

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

56.   On July 1st, 2019 at 02:33 p.m. the Defendants initiated an unsolicited and unauthorized telemarketing call to Plaintiff's telephone number 281-704-XXXX which was at the time the call was initiated on the National do not call list. The telemarketing call was initiated for the purpose of soliciting the Plaintiff for Defendant's solar energy program,

57.   The Defendants did not have prior express written consent from Plaintiff to initiate an unwanted and unauthorized telemarketing call to Plaintiff's 281-704-XXXX telephone number. Thus, the making of such telemarketing call is a violation of 47 U.S.C. §227(c)(3)(F) and 47 C.F.R. §64.1200(c)(2).

Count XIII

58.   On July 5th, 2019 at 02:52 p.m. the Defendants initiated an unsolicited and unauthorized telemarketing call to Plaintiff's telephone number 281-482-XXXX which was at the time the call was initiated on the National do not call list. The telemarketing call was initiated for the purpose of soliciting the Plaintiff for Defendant's solar energy program.

59.   The Defendants did not have prior express written consent from Plaintiff to initiate an unwanted and unauthorized telemarketing call to Plaintiff's 281-482-XXXX telephone number. Thus, the making of such telemarketing call is a violation of 47 U.S.C. §227(c)(3)(F) and 47 C.F.R. §64.1200(c)(2).

Count XIV

60. On August 22nd, 2019 at 05:04 p.m. the Defendants initiated an unsolicited and unauthorized telemarketing call to Plaintiff's telephone number 281-482-XXXX which was at the time the call was initiated on the National do not call list. The telemarketing call was initiated for the purpose of soliciting the Plaintiff for Defendant's solar energy program.

61. The Defendants did not have prior express written consent from Plaintiff to initiate an unwanted and unauthorized telemarketing call to Plaintiff's 281-482-XXXX telephone number. Thus, the making of such telemarketing call is a violation of 47 U.S.C. §227(c)(3)(F) and 47 C.F.R. §64.1200(c)(2).

## Count XV

62. On August 30th, 2019 at 10:35 a.m. the Defendants initiated an unsolicited and unauthorized telemarketing call to Plaintiff's telephone number 281-482-XXXX which was at the time the call was initiated on the National do not call list. The telemarketing call was initiated for the purpose of soliciting the Plaintiff for Defendant's solar energy program.

63. The Defendants did not have prior express written consent from Plaintiff to initiate an unwanted and unauthorized telemarketing call to Plaintiff's 281-482-XXXX telephone number. Thus, the making of such telemarketing call is a violation of 47 U.S.C. §227(c)(3)(F) and 47 C.F.R. §64.1200(c)(2).

## Count XVI

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

64. On May 24th 2019 at 10:07 a.m. Plaintiff requested that he be provided with a copy of the Defendant's Elevated do not call policy pursuant to 47 C.F.R. §64.1200(d)(1). The Defendants intentionally did not provide a copy of the Defendants do not call policy to the Plaintiff. Thus, the failure to provide on demand a copy of the Defendant's do not call policy is a violation of 47 C.F.R. §64.1200(d)(1).

## Count XVII

65. On June 24th 2019 Plaintiff requested that he be provided with a copy of the Defendant's Trismart do not call policy pursuant to 47 C.F.R. §64.1200(d)(1). The Defendants intentionally did not provide a copy of the Defendants do not call policy to the Plaintiff. Thus, the failure to provide on demand a copy of the Defendant's do not call policy is a violation of 47 C.F.R. §64.1200(d)(1).

## VIOLATIONS OF TB&CC

66. Plaintiff realleges and incorporates the allegations above (para. 1 through 33) as though fully set forth herein.

## Count XVIII

67. On November 26th, 2018 at 10:38 a.m. the Defendants initiated an unsolicited and unauthorized automatically dialed call to Plaintiff's cellular telephone number 281-704-XXXX. The automatic dialing device detected that no call center employee was available when the automatic dialer connected to the plaintiff's

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

cellular telephone number and terminated the call. Consequently, the call was a "dead air" call.

68.  The Defendants did not have prior express consent from Plaintiff to initiate an unsolicited and unauthorized automatically dialed call to Plaintiff's cellular telephone number 281-704-XXXX. Thus, the making of such automatically dialed call is a violation of TB&CC §305.053

## Count XIX

69.  On November 26th, 2018 at 10:38 a.m. the Defendants initiated an unsolicited and unauthorized telemarketing call to Plaintiff's telephone number 281-704-XXXX which was, at the time the call was initiated on the National do not call list. The telemarketing call was initiated for the purpose of soliciting the Plaintiff for Defendant's solar energy program.

70.  The Defendants did not have prior express written consent from Plaintiff to initiate an unwanted and unauthorized telemarketing call to Plaintiff's 281-704-XXXX telephone number. Thus, the making of such telemarketing call is a violation of TB&CC §305.053.

## Count XX

71.  On March 19th, 2019 at 03:45 p.m. the Defendants initiated an unsolicited and unauthorized telemarketing call to Plaintiff's telephone number 281-482-XXXX which was, at the time the call was initiated on the National do not call list. The

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

telemarketing call was initiated for the purpose of soliciting the Plaintiff for Defendant's solar energy program.

72.   The Defendants did not have prior express written consent from Plaintiff to initiate an unwanted and unauthorized telemarketing call to Plaintiff's 281-482-XXXX telephone number. Thus, the making of such telemarketing call is a violation of TB&CC §305.053.

## Count XXI

73.   On April 10th, 2019 at 01:11 p.m. the Defendants initiated an unsolicited and unauthorized automatically dialed call to Plaintiff's cellular telephone number 281-704-XXXX.

74.   The Defendants did not have prior express consent from Plaintiff to initiate an unsolicited and unauthorized automatically dialed call to Plaintiff's cellular telephone number 281-704-XXXX. Thus, the making of such automatically dialed call is a violation of TB&CC §305.053

## Count XXII

75.   On April 10th, 2019 at 01:11 p.m. the Defendants initiated an unsolicited and unauthorized telemarketing call to Plaintiff's telephone number 281-704-XXXX which was at the time the call was initiated on the National do not call list. The telemarketing call was initiated for the purpose of soliciting the Plaintiff for Defendant's solar energy program.

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

76.   The  Defendants  did  not  have  prior  express  written consent  from  Plaintiff  to  initiate  an  unwanted  and  unauthorized telemarketing  call  to  Plaintiff's  281-704-XXXX  telephone  number. Thus, the making of such telemarketing call is a violation of TB&CC §305.053

Count XXIII

77.   On  April  26th,  2019  at  03:42  p.m.  the  Defendants initiated  an  unsolicited  and  unauthorized  automatically  dialed  call to Plaintiff's cellular telephone number 281-704-XXXX.

78.   The  Defendants  did  not  have  prior  express  consent  from Plaintiff  to  initiate  an  unsolicited  and  unauthorized  automatically dialed  call  to  Plaintiff's  cellular  telephone  number  281-704-XXXX. Thus,  the  making  of  such  automatically  dialed  call  is  a  violation of TB&CC §305.053

Count XXIV

79.   On  April  26th,  2019  at  03:42  p.m.  initiated  an unsolicited  and  unauthorized  telemarketing  call  to  Plaintiff's telephone  number  281-704-XXXX  which  was  at  the  time  the  call  was initiated on the National do not call list. The telemarketing call was  initiated  for  the  purpose  of  soliciting  the  Plaintiff  for Defendant's solar energy program.

80.   The  Defendants  did  not  have  prior  express  written consent  from  Plaintiff  to  initiate  an  unwanted  and  unauthorized telemarketing  call  to  Plaintiff's  281-704-XXXX  telephone  number.

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

Thus, the making of such telemarketing call is a violation of TB&CC §305.053.

## Count XXV

81.   On May 23rd, 2019 at 11:14 a.m. the Defendants initiated an unsolicited and unauthorized telemarketing call to Plaintiff's telephone number 281-482-XXXX which was at the time the call was initiated on the National do not call list. The telemarketing call was initiated for the purpose of soliciting the Plaintiff for Defendant's solar energy program.

82.   The Defendants did not have prior express written consent from Plaintiff to initiate an unwanted and unauthorized telemarketing call to Plaintiff's 281-482-XXXX telephone number. Thus, the making of such telemarketing call is a violation of §305.053.

## Count XXVI

83.   On June 24th, 2019 at 03:54 p.m. the Defendants initiated an unsolicited and unauthorized automatically dialed call to Plaintiff's cellular telephone number 281-704-XXXX.

84.   The Defendants did not have prior express consent from Plaintiff to initiate an unsolicited and unauthorized automatically dialed call to Plaintiff's cellular telephone number 281-704-XXXX. Thus, the making of such automatically dialed call is a violation of 47 U.S.C. §227(b)(1)(A)(iii) and 47 CFR §64.1200(a)(1)(iii).

## Count XXVII

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

85.   On June 24th, 2019 at 03:54 p.m. the Defendants initiated an unsolicited and unauthorized telemarketing call to Plaintiff's telephone number 281-704-XXXX which was at the time the call was initiated on the National do not call list. The telemarketing call was initiated for the purpose of soliciting the Plaintiff for Defendant's solar energy program.

86.   The Defendants did not have prior express written consent from Plaintiff to initiate an unwanted and unauthorized telemarketing call to Plaintiff's 281-704-XXXX telephone number. Thus, the making of such telemarketing call is a violation of §305.053.

Count XXVIII

87.   On July 1st, 2019 at 02:33 p.m. the Defendants initiated an unsolicited and unauthorized automatically dialed call to Plaintiff's cellular telephone number 281-704-XXXX.

88.   The Defendants did not have prior express consent from Plaintiff to initiate an unsolicited and unauthorized automatically dialed call to Plaintiff's cellular telephone number 281-704-XXXX. Thus, the making of such automatically dialed call is a violation of 47 U.S.C. §227(b)(1)(A)(iii) and 47 CFR §64.1200(a)(1)(iii).

Count XXIX

89.   On July 1st, 2019 at 02:33 p.m. the Defendants initiated an unsolicited and unauthorized telemarketing call to Plaintiff's telephone number 281-704-XXXX which was at the time the call was

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

initiated on the National do not call list. The telemarketing call was initiated for the purpose of soliciting the Plaintiff for Defendant's solar energy program.

90.    The Defendants did not have prior express written consent from Plaintiff to initiate an unwanted and unauthorized telemarketing call to Plaintiff's 281-704-XXXX telephone number. Thus, the making of such telemarketing call is a violation of §305.053.

### Count XXX

91.    On July 5th, 2019 at 02:52 p.m. the Defendants initiated an unsolicited and unauthorized telemarketing call to Plaintiff's telephone number 281-482-XXXX which was at the time the call was initiated on the National do not call list. The telemarketing call was initiated for the purpose of soliciting the Plaintiff for Defendant's solar energy program.

92.    The Defendants did not have prior express written consent from Plaintiff to initiate an unwanted and unauthorized telemarketing call to Plaintiff's 281-7482-XXXX telephone number. Thus, the making of such telemarketing call is a violation of §305.053.

### Count XXXI

93.    On August 22nd, 2019 at 05:04 p.m. the Defendants initiated an unsolicited and unauthorized telemarketing call to Plaintiff's telephone number 281-482-XXXX which was at the time the

call was initiated on the National do not call list. The telemarketing call was initiated for the purpose of soliciting the Plaintiff for Defendant's solar energy program.

94. The Defendants did not have prior express written consent from Plaintiff to initiate an unwanted and unauthorized telemarketing call to Plaintiff's 281-482-XXXX telephone number. Thus, the making of such telemarketing call is a violation of 47 U.S.C. §227(c)(3)(F) and 47 C.F.R. §64.1200(c)(2).

Count XXXII

95. On August 30th, 2019 at 10:35 a.m. the Defendants initiated an unsolicited and unauthorized telemarketing call to Plaintiff's telephone number 281-482-XXXX which was at the time the call was initiated on the National do not call list. The telemarketing call was initiated for the purpose of soliciting the Plaintiff for Defendant's solar energy program.

The Defendants did not have prior express written consent from Plaintiff to initiate an unwanted and unauthorized telemarketing call to Plaintiff's 281-482-XXXX telephone number. Thus, the making of such telemarketing call is a violation of 47 U.S.C. §227(c)(3)(F) and 47 C.F.R. §64.1200(c)(2).

Count XXXIII

96. On May 24th 2019 at 10:07 a.m. Plaintiff requested that he be provided with a copy of the Defendant's Elevated do not call policy pursuant to 47 C.F.R. §64.1200(d)(1). The Defendants

intentionally did not provide a copy of the Defendants do not call policy to the Plaintiff. Thus, the failure to provide on demand a copy of the Defendant's do not call policy is a violation of 47 C.F.R. §64.1200(d)(1).

### Count XXXIV

97.   On June 24th 2019 Plaintiff requested that he be provided with a copy of the Defendant's Trismart do not call policy pursuant to 47 C.F.R. §64.1200(d)(1). The Defendants intentionally did not provide a copy of the Defendants do not call policy to the Plaintiff. Thus, the failure to provide on demand a copy of the Defendant's do not call policy is a violation of 47 C.F.R. §64.1200(d)(1).

### ADDITIONAL COUNTS UNDER TB&CC

98.   Not one of the calls made by Defendant Apex provided the name and contact information of the telemarketer or seller. In only one call was the seller identified. Thus, the failure to provide proper identification in the nine other telemarketing calls are violations of 47 C.F.R. §64.1200(d)(4) which is an actionable violation under TB&CC §305.053. That is an additional nine counts in addition to the above thirty-four counts.

### APPLICABLE TO ALL COUNTS

99.   Plaintiff has suffered actual damages for the automatically dialed calls and telemarketing calls to Plaintiff's cellular and VOIP telephone numbers. The TCPA and TB&CC each state

that an individual may bring a civil action against a person who violates the TCPA and the TB&CC for actual or statutory damages for each violation of the TCPA. See 47 U.S.C. §227(b)(3), 47 U.S.C. §(c)(5) and TB&CC §305.053. Consequently, Plaintiff hereby seeks statutory damages of $500.00 for each violation of the TCPA and $500.00 for each violation of the TB&CC. Thus, Plaintiff seeks $21,500.00 for counts one (1) through count forty-three (43) for violations of the TCPA and the TB&CC.

100. Plaintiff additionally alleges that the violations of the TCPA and TB&CC (count I through count XXXIV) were committed by the Defendants willfully and/or knowingly. Certainly, the fact that the Defendants intentionally attempted to bypass the TCPA and TB&CC by claiming the calls were not telemarketing calls, intentionally attempted to hide the names of the entities engaged in the illegal telemarketing activity and used neighbor spoofing caller identification telephone numbers indicates a willingness to mislead called parties as to who was responsible for the calls and the real purpose of the calls. Pursuant to 47 U.S.C. §227(b)(3) and TB&CC §305.053(c) Plaintiff seeks additional damages in an amount determined by the Court to be equal to treble the amount found by the Court in accordance with Paragraph 99 hereof.

<u>PERMANENT INJUNCTIVE RELIEF</u>

101. An injunction is a matter of law pursuant to 47 U.S.C. §227(b)(3)(A) and TB&CC §305.053. Plaintiff and members of the

public will benefit from injunctive relief. Plaintiff alleges that the Defendants will continue the invasion of Plaintiff's and members of the public privacy with their unsolicited and unauthorized automatically dialed calls and telemarketing calls.

102. Plaintiff alleges that Defendants will continue to irreparably harm Plaintiff and others by continuing to make unsolicited and unauthorized automatically dialed calls and telemarketing calls to Plaintiffs' and other members of the public's cellular and landline telephone numbers without prior express consent or prior express written consent of the called party.

103. Plaintiff alleges that an injunction is necessary to protect the Plaintiff, no matter what telephone number the Plaintiff has now or may have in the future, from similar behavior in the future.

104. Consequently, Plaintiff, pursuant to 47 U.S.C. §227(b)(3)(A) and TB&CC §305.053 seeks a permanent injunction barring the Defendants Elevated Energy Solutions LLC d/b/a Home Smart Solutions, and Michael B. Curtis and John Doe Telemarketer from:

> a. Making or assisting, facilitating, permitting or causing automatically dialed calls to be made to the cellular telephone numbers of members of the public

without 1st obtaining prior express consent of the recipient of the call.

b. Initiating or assisting, facilitating, permitting or causing telemarketing calls to any telephone number on the National do not call list without the prior express written consent of the called party.

c. Failing to provide the name as registered with the State Taxing Authority of the entity initiating the telemarketing call in every telemarketing call made.

d. Failing to provide the name registered with the State Taxing Authority of the seller on whose behalf the telemarketing call is being made in every telemarketing call made.

e. Failing to provide the telephone number or address as registered with the State Taxing Authority of the entity initiating the telemarketing call in every telemarketing call made.

f. Failing to provide the telephone number or address as registered with the State Taxing Authority of the seller on whose behalf the telemarketing calls are being made in every telemarketing call made.

g. Failing to place a consumers telephone number on the sellers do not call list when a called party demands in any manner that the calls stop.

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

h. Failing to place a consumers telephone number on the telemarketers do not call list when a called party demands in any manner that the calls stop.

i. Purchasing leads from a lead generator without having verified that the lead generator is generating leads in compliance with the TCPA and TB&CC.

j. Failing to provide on demand a copy of the do not call policy.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, premises considered, Plaintiff prays that the Defendants be cited to appear and answer herein and that upon trial hereof Plaintiff recover a judgment of and from the Defendants for his damages as allowed by law, treble damages, as allowed by law, punitive damages as allowed by law, permanent injunctive relief as allowed by law, all costs of court and for all such other and further relief, at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

*Joe Shields*

Joe Shields
Plaintiff Pro Per
16822 Stardale Lane
Friendswood, Texas 77546
Phone: 281-482-7603
Email: antitelemarketer@gmail.com

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF