United States District Court
Southern District of Texas
**ENTERED**
March 06, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOE SHIELDS, | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 3:19-cv-00390 |
| | § | |
| ELEVATED ENERGY SOLUTIONS, | § | |
| LLC, *et al.* | § | |
| | § | |
| | § | |
| *Defendants*. | | |

# **ORDER**

Joe Shields originally named six defendants in the underlying lawsuit. On December 30, 2019, Shields advised the Court that he reached a settlement with defendants Elevated Energy Solutions, LLC, d/b/a Home Smart Solutions and Michael Curtis. Dkt. 4. On January 2, 2020, the Court entered a conditional dismissal order, dismissing Shields' claims against those two defendants with prejudice. Dkt. 13.

On March 4, 2020, Shields filed a motion for default judgment against the four remaining defendants, each of which has failed to timely respond to Shields' complaint: Mark Bench, Jodi Bench, Trismart Solar, LLC, and Apex Lead Media PVT LTD. Dkt. 16. "Default judgment is proper only if the well-pleaded factual allegations in the complaint establish a valid cause of action." *United States v. Giles*, 538 F. Supp. 2d 990, 993 (W.D. Tex. 2008). In other words, "[t]here must be a sufficient basis in the pleadings for the judgment." *Nishimatsu Const. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A defendant, "by his default, admits the plaintiff's *well-pleaded allegations of fact*."

*Id.* (emphasis added); *see also Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true"). Therefore, the Court may only enter default judgment against the defendants if Shields' well-pleaded factual allegations establish a cause of action entitling him to relief.

The Court has carefully reviewed Shields' complaint and has determined that it cannot enter a default judgment against the remaining defendants. In his complaint, Shields asserts thirty-four causes of action for violations of the Telephone Consumer Protection Act ("TCPA"), Code of Federal Regulations, or Texas Business & Commerce Code. Dkt. 1. However, he does not differentiate between the defendants when stating his claims nor does he specify with particularity which wrongful acts were performed by which defendant. *See* Dkt. 1 (the allegations throughout the complaint's causes of actions section refer generally to "Defendants"). It is therefore not apparent to the Court which allegations are directed against a particular defendant—more specifically, which defendant is responsible for each telephone call Shields' claims violated the TCPA—which prohibits the Court from entering a default judgment against any defendant. *See Cunningham v. Greenstar Capital Sols., LLC*, 2018 U.S. Dist. LEXIS 163086, at *18 (E.D. Tex. 2018) ("The relief requested in a plaintiff's complaint limits the relief available in a default judgment.").

For the foregoing reasons, it is hereby **ORDERED** that Shields' motion for default judgment is **DENIED**. The Court *sua sponte* **GRANTS** Shields' leave to replead his allegations with specificity, identifying which defendant is responsible for each telephone

call that he claims violated the TCPA, Code of Federal Regulations, or Texas Business & Commerce Code.

SIGNED on Galveston Island on this, the 6th day of March, 2020.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE