Joe Shields
16822 Stardale Lane
Friendswood, Texas 77546
Home: 281-482-7603
antitelemarketer@gmail.com

Via Priority Mail

August 31st, 2020

David J. Bradley
Clerk of Court
601 Rosenberg, Room 411
Galveston, Texas 77550

United States Courts
Southern District of Texas
FILED

SEP 02 2020

David J. Bradley, Clerk of Court

Re: Civil Action 3:19-cv-00390, Shields v. Elevated Energy Solutions et al, US District Court for the Southern District of Texas Galveston Division

Dear Judge Edison:

Plaintiff in the above cited matter writes to you in reference to the refusal to comply with a properly signed with seal and served subpoena. The subpoena is very narrow in scope seeking, not call records, but merely the identification of the entity that uses two telephone numbers 6823181294 and 4693060054. Specifically the subpoena was issued by the clerk of the this court Andy Gould and sought the following:

> "The full name and all contact information for the entity that was assigned the following numbers at the time and date specified: The number 6823181294 on 4/27/20 at 08:56 a.m., on 07/27/20 at 2:16 p.m. and 07/28/20 at 5:13 p.m. and the number 4693060054 on 04/27/20 at 12:02 p.m. and on 07/27/20 at 11:41 a.m."

The subpoena was served on Inteliquent Inc. at their address Inteliquent Legal Department, ATTN: Custodian of Records, Civil Subpoena Compliance, 550 West Adams St., Suite 900, Chicago, IL 60661 on 08/11/20. All opposing parties have been notified of Plaintiff's subpoena and intent to file a motion to Compel.

The refusal to comply with the subpoena came from one Scott Kellogg on 08/13/20 who holds himself out as counsel for Inteliquent Inc. He provided his phone number as 312-384-8086 and his email address as scott.kellogg@inteliquent.com. Inteliquent is not challenging the service of the subpoena.

The objections to the subpoena raised by Inteliquent Inc. are as follows:

1. Inteliquent objects to the request for document production, since the same is unduly burdensome, overly broad, and neither relevant to nor proportional to the needs of the litigation. This applies to each and every request, except as specifically stated.
2. We further invoke all attorney client and work product rights against production of privileged information.
3. We further object to the subpoena to the extent it seeks confidential and proprietary information.
4. We will not produce any information beyond the scope required under the applicable Rules of Civil Procedure and any local rules, including as to third parties.

● Page 2                                                             August 31st, 2020

   5. Finally, we object to the production of ESI as unduly burdensome and do not agree to the production of any ESI except to any limited extent that we can reach agreement on any production.
   6. We also reserve all rights to raise further objections to the extent their appropriateness becomes clear to us in the course of any discussions on the matter.

Inteliquent Inc. is demanding that I pay a profiteering fee to Inteliquent before Inteliquent Inc. will comply with the subpoena! Inteliquent Inc. is refusing to comply with the subpoena despite being given multiple opportunities to do so. See attached email response to the subpoena which clearly states:

> "While we object for the reasons noted herein, upon receipt of the standard processing fee provided for in our civil subpoena policy ($50.00 – a Tier 1 request), we are willing to withdraw the same and process this subpoena."

Obviously, the objections are unwarranted since they go away if I pay their profiteering fee. The subpoena, as pointed out above, is very narrow in scope and would take mere seconds to research. Therefore the subpoena is not unduly burdensome or overly broad. The subpoena seeks to identify the entity(s) making the continuous Solar telemarketing calls to Plaintiff's residential telephone number that has been and is on the state and federal do not call list since 2003. The requested identification is not privileged, proprietary or confidential information. Most importantly, compliance with a federal subpoena is not negotiable.

All of Inteliquent Inc. objections are meritless and the demand to pay a profiteering fee is unwarranted. Illegal telemarketing calls are rampant and Inteliquent Inc. is one of the VOIP providers that are responsible for the tsunami of illegal telemarketing calls in the U.S. Plaintiff Shields has received well over 100 of such illegal calls all from Inteliquent telephone numbers. Plaintiff Shields has never received a legitimate call from any Inteliquent telephone number. Simply put, Inteliquent Inc. after creating an environment conducive for making illegal telemarketing calls is attempting to obfuscate the identity of and warning their clients making the illegal telemarketing calls of legal action being taken for such behavior. Inteliquent is attempting to extort money for profiteering purposes from those seeking to identify an entity responsible for the illegal Solar telemarketing calls.

Plaintiff has attempted to confer with Scott Kellogg via email. Scott Kellogg has not replied to Plaintiff's emails containing the courts procedures and the Federal Rules on compliance with a court issued subpoena. It is Inteliquent Inc. position that I pay their profiteering fee or they will refuse to comply with the subpoena or communicate further with me.

Consequently, Plaintiff Shields seeks to file a Motion to Compel Inteliquent Inc. to comply with the subpoena. Plaintiff Shields respectfully requests a pre-motion conference in light of the above described refusal to comply with the subpoena.

Respectfully,

*Joe Shields*

Joe Shields