AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

Joe Shields
*Plaintiff*
v.
Elevated Energy Solutions et al
*Defendant*

Civil Action No. 3:19-cv-00390

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Inteliquent Legal Department, ATTN: Custodian of Records, Civil Subpoena Compliance, 550 West Adams St., Suite 900, Chicago, IL 60661

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: The full name and all contact information for the entity that was assigned the following numbers at the time and date specified: The number 6823181294 on 4/27/20 at 08:56 a.m., on 07/27/20 at 2:16 p.m. and 07/28/20 at 5:13 p.m. and the number 4693060054 on 04/27/20 at 12:02 p.m. and on 07/27/20 at 11:41 a.m.

| Place: To be delivered to Joe Shields at his email address of antitelemarketer@gmail.com | Date and Time: 08/15/2020 0:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: AUG 0 4 2020

DAVID J. BRADLEY
*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Joe Shields pro se 16822 Stardale Lane, Friendswood, Texas 77546, 281-482-7603 , who issues or requests this subpoena, are:

Joe Shields

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

UNITED STATES POSTAL SERVICE.

FRIENDSWOOD
310 MORNINGSIDE DR
FRIENDSWOOD, TX 77546-9998
(800)275-8777

08/07/2020 01:34 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| First-Class Mail® Letter | 1 | | $0.55 |
| Chicago, IL 60661 Weight:0 Lb 0.80 Oz Estimated Delivery Date Tuesday 08/11/2020 | | | |
| Certified | | | $3.55 |
| USPS Certified Mail # 70192280000154821518 | | | |
| Return Receipt | | | $2.85 |
| USPS Return Receipt # 9590940254639249925820 | | | |
| Total | | | $6.95 |

Grand Total: $6.95

Debit Card Remit'd $6.95
Card Name:VISA

## U.S. Postal Service
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

7019 2280 0001 5482 1518

Chicago, IL 60661 OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee $ $3.55 | 0546 22 |
| Extra Services & Fees (check box, add fee as appropriate) $2.85 | |
| ☐ Return Receipt (hardcopy) $ $0.00 | |
| ☐ Return Receipt (electronic) $ $0.00 | Postmark Here |
| ☐ Certified Mail Restricted Delivery $ $0.00 | |
| ☐ Adult Signature Required $ $0.00 | |
| ☐ Adult Signature Restricted Delivery $ $0.00 | |
| Postage $ $0.55 | |
| Total Postage and Fees $ $6.95 | 08/07/2020 |

Sent To INTELLIQUENT – CUSTODIAN OF RECORDS
Street and Apt. No., or PO Box No. 550 WEST ADAMS ST SUITE 900
City, State, ZIP+4® CHICAGO IL 60661

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
INTELLIQUENT LEGAL DEPT.
ATTN CUSTODIAN OF RECORDS
CIVIL SUBPOENA COMPLIANCE
550 WEST ADAMS ST. SUITE 900
CHICAGO, IL 60661



9590 9402 5463 9249 9258 20

2. Article Number (Transfer from service label)
7019 2280 0001 5482 1518

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature [signature] ☒ Agent ☐ Addressee

B. Received by (Printed Name) Could [illegible]

C. Date of Delivery 8/11

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

**Subject:** Shields v. Elevated Energy – Civil Action No. 3:19-cv-00390 (200595-187563)
**From:** Scott Kellogg <Scott.Kellogg@inteliquent.com>
**Date:** 8/12/2020 8:37 PM
**To:** "antitelemarketer@gmail.com" <antitelemarketer@gmail.com>

Although the attached subpoena was not directed to any specifically designated entity as the "named person" (i.e., instead, simply addressed to "Inteliquent Legal Department"), this communication acknowledges receipt by Inteliquent, Inc. f/k/a Neutral Tandem, Inc. and/or its parent company, Onvoy, LLC d/b/a Inteliquent and their affiliates (collectively "Inteliquent") of that subpoena issued 8/4/20 in the above-referenced litigation.

As a preliminary matter, we have observed the subpoena identifies this as being the email address of Joe Shields (identified in the subpoena as both the plaintiff and the issuing or requesting pro se attorney). Cindy Shields is identified nowhere on the face of the subpoena. Accordingly, it is unclear upon what basis Cindy Shields is offering legal conclusions in the accompanying cover letter or what authority she has to extend the compliance date to 8/26/20 (per the post-script to the letter). Therefore, Inteliquent continues to regard the compliance date as 8/15/20, as stated.

As you will recall, we previously corresponded concerning a subpoena issued in Civ. Action No. 3:20-cv-00018 (our file no. 200458-180099). In so doing, we noted that Inteliquent generally does not have end user customers. Rather, our customers are typically other service providers (wireline, wireless, VOIP, etc.) to whom we provide wholesale communications services, delivering traffic between the networks of such providers. You will recall that in such circumstances, telephone numbers are in use by such other service providers (who have the end user subscriber(s) utilizing the same to initiate and receive calls). Accordingly, we previously noted that we generally have no relationship with or information about the end user subscribers of our wholesale customers.

Given the services we perform and the level of traffic we carry (around 1 billion minutes of traffic daily), we receive a certain volume of subpoenas from civil litigants seeking information about parties and circumstances arising at a distance from our company. Noting this to you previously, we observed that each such subpoena must be reviewed to ensure it constitutes a valid legal requirement for our response (many do not); the proceedings and/or applicable law may require our review; the target number(s) at issue must be researched in our systems (of which there are several, including standalone legacy systems from acquisitions, certain of which are archived and not readily accessible); correspondence with one or more of our identified customers will typically be necessary to disclose our receipt of the subpoena (to fulfill contractual obligations); and a substantive response must be provided (given the unfamiliarity of many with the function we perform, one or more interim responses are commonly necessary [to address defects and present objections] and/or subsequent clarifying correspondence may also be necessary).

Further, Inteliquent receives a disturbing quantity of subpoenas that are at least partially or even entirely erroneous with reference to one or more numbers that are not or have never been in service with our company. Such subpoenas seek information about numbers that have nothing to do with Inteliquent. For these numbers, while we will have no information, we nevertheless must review the subpoena and research the numbers to even make such a determination, and only then spend more time providing a response to this effect. All of this results in costs incurred by Inteliquent.

Given the rate of such erroneous submissions, it is Inteliquent's perception that a certain percentage must involve bad faith actions (litigants who understand that we deliver traffic to/from much of the broad spectrum of the communications industry and who may erroneously regard us as a "clearinghouse" of information the cannot find elsewhere). As you will recall, the subpoena issued by you in the aforementioned Civ. Action No. 3:20-cv-00018 involved one such number for which we had no history of any association with our company.

All of the foregoing takes far more than the "few seconds" dismissively suggested by Cindy Shields in the cover letter transmitting the instant subpoena. Cindy Shields is not recognized as a present or former employee of Inteliquent. Accordingly, being someone who is wholly lacking in knowledge of Inteliquent, our systems, and our contractual obligations, Cindy Shields' assessment is puzzling. This is especially true in light of prior communications in Civ. Action No. 3:20-cv-00018. The above summary of our costs incurred (similarly shared in that prior communication) presents actual costs we incur with regularity over a volume of subpoenas we receive as a non-party to litigated matters. The burden of compliance imposed upon Inteliquent is real and it has nothing to do with "profiteering," contrary to Cindy Shields' implication.

Accordingly, as provided in our Civil Subpoena Policy (posted at https://www.inteliquent.com/law-enforcement-support), we have established a tiered schedule for our standard civil subpoena processing fee. This fee covers all such common costs for the processing of our compliance response to a subpoena seeking customer-identifying information for a quantity of

numbers in a matter of civil litigation to which we are a non-party.

As you will recall, in that prior matter, as a 1-time courtesy to Joe Shields – a party with whom we had never interacted – we waived the applicable fee in the interest of orderly processing. We did so in light of the pandemic circumstances, which had closed our offices, were serving to only delay processing generally, and would only prolong processing of your matter relative to the brief interval remaining for compliance at the time the subpoena was even received and reviewed.

In addition to cautioning about that 1-time only courtesy, we noted that the Cindy Shields' accompanying correspondence in that prior matter was making a novel assertion -- that FRCP Sec. 45 was entirely prohibitive of Inteliquent's receipt of a fee to compensate for its costs of review, processing, and production. We further noted that position and her citation to Benek v. Kan. City Life Ins. Co. as support for the same was erroneous as a blanket assertion of law. Moreover, we questioned why anyone would cite to a decision in the Western District of Washington and suggest the same is dispositive on the matter of FRCP Sec. 45 for a case in the Southern District of Texas. As noted then, that decision was neither apparent as controlling in the appellate circuit, nor in the Southern District of Texas.

In the interest of future cooperative interactions with you, we also previously offered considerate encouragement for your review of cases beyond Benek, including those that would be controlling law in the district in which you are litigating. Despite such encouragement, we are in receipt of another Cindy Shields cover letter in the instant matter, which again only cites to Benek and also seems to disregard the entirety of our prior communication about our processing fee and the costs we incur. The non-acknowledgment of the same and the non-tendering of the fee with the instant subpoena indicate that *communication was either not digested or else simply dismissed altogether.*

In addition to noting that Inteliquent -- a non-party to that prior matter – was not prohibited from compensation for expenses incurred in our production, we also noted that Rule 45 and a series of decisions over various jurisdictions speak to the principles of "cost-shifting". Non-parties have rights to not be unduly burdened by the expenses of complying with the interests of actual parties in litigation. Beyond this, we observed that courts may not only find an entitlement to compensation for a non-party's production, but also **sanction parties** as part of the cost-shifting analysis. We call your attention again to the same here.

Having previously communicated as summarized herein only months ago and extended the noted 1-time courtesy, it is surprising to receive the instant subpoena and to be non-tendered the $50.00 fee. It is all the more surprising to see it suggested that there could be no valid reason for our non-compliance and that you may summarily act ("...if Inteliquent refuses to comply...**for any reason**..., a Motion to Compel compliance... will be filed **without further notice**."). This statement is not even consistent with the excerpted provisions of Rule 45 included with the instant subpoena (see 45(d)(2)(i) which provides that where an objection is made, **notice must specifically be provided** by the serving party to the commanded person, and 45(d)(2)(ii) which provides for **protection of non-parties** from significant expenses). It is unclear why you would want to belligerently and preemptively threaten Inteliquent (who has only extended prior courtesy to you), let alone to do so contrary to the rule you have documented, and without an attempt to meet and confer in an effort to come to some understanding which would result in production.

Accordingly, please note that as a non-party to the above-referenced litigation, **Inteliquent formally objects as follows** to the subpoena in its entirety:

> Inteliquent objects to the request for document production, since the same is unduly burdensome, overly broad, and neither relevant to nor proportional to the needs of the litigation. This applies to each and every request, except as specifically stated.
>
> We further invoke all attorney client and work product rights against production of privileged information.
>
> We further object to the subpoena to the extent it seeks confidential and proprietary information.
>
> We will not produce any information beyond the scope required under the applicable Rules of Civil Procedure and any local rules, including as to third parties.
>
> Finally, we object to the production of ESI as unduly burdensome and do not agree to the production of any ESI except to any limited extent that we can reach agreement on any production.
>
> We also reserve all rights to raise further objections to the extent their appropriateness becomes clear to us in the course of any discussions on the matter.

While we object for the reasons noted herein, upon receipt of the standard processing fee provided for in our civil subpoena policy ($50.00 – a Tier 1 request), we are willing to withdraw the same and process this subpoena. Specifically, upon receipt of said fee, Inteliquent would process the matter so as to identify the service provider(s) who is/are Inteliquent's wholesale customer(s) for the target telephone numbers, and supply their associated contact information, per our records (typically: physical address, contact person, phone number, email address and website address). Receipt of the applicable standard processing fee of $50.00 will compensate Inteliquent for the undue burden imposed upon our company as a non-party to this matter.

We do encourage you to reevaluate your position and direct a check payable to "Inteliquent" to my attention and with *correspondence* ***referencing our file no. 200595-187563***. Moreover, in transmitting the fee or otherwise in response to this message, we will be looking for Joe Shields specifically to agree to an **extension date that is at least 10 business days from the date of our receipt** of the same. Such extended interval is necessary to fulfill our disclosure obligations to our customer(s) for the target numbers. Such party/parties will not be identified until processing commences with our receipt of the applicable fee and thereafter, the performance of our research concerning the numbers.

We do hope that you will promptly transmit the fee to address our objection or otherwise schedule a time to meet and confer about your non-recognition of the same. Payment of the fee is entirely commonplace across the broad spectrum of large and small firms and pro se parties with whom we routinely interact in matters of civil litigation to which we are a non-party. It occurs not only with recognition by such parties of the reasonable costs we incur as a non-party, but also without assertions about Rule 45 or Benek among litigants in federal court. The position outlined by Cindy Shields is quite unique. As such, we do hope that you will tender the fee, agree to the necessary extension, and strive for a different course in any future interactions with our companies.

Kind regards,

Scott Kellogg | Counsel to Inteliquent | o: 312-384-8086
550 West Adams St., Suite 900
Chicago, IL 60661




*This email (including any accompanying documents) is confidential, may be privileged and/or attorney work-product and is intended for the addressee(s) only. Unauthorized review, use, disclosure, copying, alteration or distribution of this communication or any part thereof is forbidden and may be unlawful. If you have received this communication in error, please notify the sender immediately by return email and destroy this email and all copies of it, including all attachments. Please consider the environment before printing this page.*

— Attachments: —

200595 Civil Subpoena.pdf 435 KB